FILED
BILLINGS, MT

2006 FEB 2 PM 2 57

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| CONTINENTAL RESOURCES, INC., | ) | CV-05-74-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MONTANA OIL PROPERTIES, INC., | ) | |
| EDITH SUE BRATTEN, Individually and | ) | |
| as Attorney-in-Fact for Lois L. Spencer, | ) | |
| LOIS L. SPENCER, AGNES JENKINS | ) | |
| a/k/a LAURA A. JENKINS, | ) | |
| ESTHER A. POND, and John Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter comes before the Court on Defendants' Motion to Compel Complete and Full Responses to Interrogatory No. 16 Regarding Similar Lawsuits and Plaintiff's Motion for for a Protective Order.

## BACKGROUND FACTS

Continental Resources, Inc. ("Plaintiff") and Montana Oil Properties, Inc. et al. ("Defendants") are engaged in a dispute over certain mineral rights in Richland County, Montana. Specifically, the dispute focuses on an oil well called the Nola#1-22H Well ("Nola Well").

-1-

On April 9, 2004 Plaintiff entered into an agreement with Defendant Montana Oil to purchase certain leasehold interests. As part of that arrangement Montana Oil entered into an agreement not to compete within the zone now in dispute. That agreement expired on December 31, 2004. Through certain assignments, Plaintiff obtained an interest in mineral leases held by Whiting Petroleum Company ("Whiting Leases") with respect to the Nola Well. The Whiting leases were to expire on May 29, 2005 and June 4, 2005 respectively. By the terms of the Whiting Leases, Plaintiff was required to "engage in drilling" by a certain date in order to extend its rights. Meanwhile, in January of 2005, Montana Oil, Inc. entered into "top leases" with respect to the area subject to the Whiting Leases[1]. Among other things, the parties dispute when Plaintiff properly "engaged in drilling activity" which may have extended its rights to the Nola Well.

## ANALYSIS

### I. DEFENDANTS' MOTION TO COMPEL COMPLETE AND FULL RESPONSES TO INTERROGATORY NO. 16 REGARDING SIMILAR LAWSUITS.

Defendants move to compel a complete response from Plaintiff with respect to the following interrogatory:

**INTERROGATORY NO. 16**: Has Continental ever filed similar lawsuits, other than the present one, against others? If so for each lawsuit state:

a. The Court in which it was filed and the date filed;

b. The ultimate disposition of the case.

Plaintiff responded, " Continental is not aware of any other lawsuits pertaining to top lease

---

[1] A "top lease" is an oil and gas lease to take effect only if the preexisting lease should expire or be terminated. 38 Am. Jur. 2d Gas and Oil § 64.

issues".

Defendants argue that Plaintiff's answer is inadequate and cites cases which it reasons should have been listed by Plaintiff in response to Interrogatory No. 16. Defendants further assert that Plaintiff is engaging in word play and evading the legitimate question posed. In thier Reply Brief, Defendants go on to argue that similar lawsuits are relevant and discoverable information.

Plaintiff defends its response by asserting that the interrogatory is vague and ambiguous based on a lack of definition for the word "similar". In addition, Plaintiff argues that the information sought is not discoverable because it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. Furthermore, Plaintiff distinguishes certain cases which Defendants independently obtained and explains why they do not apply to Interrogatory No. 16.

The Court shall address the discoverability question in Plaintiff's Motion for a Protective Order regarding Defendants' Interrogatory No. 22 which makes a similar substantive request with respect to prior litigation. In regard to Interrogatory No. 16, while the discovery rules are generally to be construed liberally, Plaintiff is only required to answer what is asked. Interrogatory No. 16 does not adequately define "similar" as to what type of lawsuits the request seeks. The Court finds that the word "similar" is indeed ambiguous and Plaintiffs response to Interrogatory No. 16 is adequate.

## II. PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff moves for a Protective Order with respect to Defendants' Interrogatory No. 22 and corresponding Request for Production No. 25, which requests information and documents

surrounding prior lawsuits in which Plaintiff was involved. Plaintiff argues that prior litigation is not relevant to the present matter, will not lead to the discovery of admissible evidence and is over-burdensome. In addition, Plaintiff requests that Defendants not be allowed to take the Deposition of Harold Hamm, Plaintiff's C.E.O. and majority shareholder, on the grounds that he has no first-hand knowledge of these proceedings, his deposition is unnecessary and subjecting him to the deposition would be disruptive to Mr. Hamm and Continental.

Federal Rule of Civil Procedure 26(c) governs the discretionary granting of a protective order "to regulate the terms, conditions, time or place of discovery...." Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229, 230 (M.D.N.C.1999). A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."Fed.R.Civ.P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir.2002); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992).

A.   **PRIOR LITIGATION**

Interrogatory No. 22 and Request for Production No. 25 read as follows:

**INTERROGATORY NO. 22**: In the last ten years has Continental ever had similar lawsuits filed against it (including counterclaims) for declaratory judgment, abuse of process, tortious interference with contract, mineral trespass, and punitive damages? If so for each lawsuit state:

a. The Court in which it was filed and the date filed;

b. The ultimate disposition of the case.

**REQUEST FOR PRODUCTION NO. 25**: Produce all documents related to the preceding interrogatory.

Defendants insist that the information regarding prior litigation is relevant because it may lead to the discovery of admissible evidence regarding interpretation of certain language contained in the leases, including the habendum clause. In addition, Defendants maintain that the information and documents sought are relevant to the requirement of obtaining a state agency permit prior to drilling. Finally, Defendants argue that prior lawsuits are relevant in establishing a litigious pattern by Plaintiff with respect to an abuse of process claim.

Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter not privileged which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party...." Fed.R.Civ. P. 26(b)(1). "The key phrase in this definition–'relevant to the subject matter involved in the pending action'--has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). However, discovery is not without limitations. Fed.R.Civ.P. 26(b)(2). The Court has a duty to ensure that discovery requests are reasonable. In re: Sur. Ass'n of Am., 388 F.2d 412, 414-15 (2d Cir.1967).

Rule 26(b) describes the scope of discovery as follows:

For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. <u>Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence</u>. (Emphasis supplied).

With respect to an abuse of process claim, Defendants are required to prove (1) an

ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. Brault v. Smith 209 Mont. 21, 679 P.2d 236, 240 (1984) *citing* Prosser, Law of Torts, 4th Ed., 857 (1971).

The request for certain prior litigation appears reasonably calculated to lead to the discovery of evidence supporting Defendants' counterclaim for abuse of process in that it may establish a pattern of abusing the legal process or other evidence suggesting an ulterior motive. (*See* Defendant's Counterclaim, ¶¶ 23-28). Interrogatory No. 22 is limited to the last ten years and only for certain causes of action. Plaintiff's argument that the information sought is 404(b) evidence and thus not discoverable is a trial admissibility issue rather than a discovery issue. Even though certain prior lawsuit information may not be admissible at trial, it may lead to the discovery of admissible evidence. Plaintiff may move in limine to exclude such information from trial at the appropriate time. Consequently, the Court finds that the information requested in Interrogatory No. 22 is within the broad scope of discovery contemplated by Fed.R. Civ. P. 26(b)(1).

Defendants also request the production of all documents pertaining to Interrogatory No. 22. While the Court is unaware of the volume of such documents, this request is potentially over-burdensome in that it requests every document related to the specified prior litigation over the last ten years. Therefore, Plaintiff is required only to produce for inspection and copying non-privileged documents in its possession at Plaintiff's principle place of business.

### B. DEPOSITION OF HAROLD HAMM

Next, Plaintiff seeks a protective order to prevent the deposition of Harold Hamm. Plaintiff argues that the deposition of Mr. Hamm would be a disruptive waste of time and any

information sought from Mr. Hamm could be gathered less disruptively from subordinates more familiar with the matter at hand. In support of its argument, Plaintiff submits an affidavit from Mr. Hamm stating that his knowledge about the Montana project and the issues relating to it come to him second-hand and are limited to the fact that the, "present lawsuit involves a leasehold dispute concerning a well drilled to the Bakken formation in eastern Montana, and an area of non-compete relating to a conveyance of certain leases by a Montana oil company, Montana Oil Properties, Inc. " (See Aff. Harold Hamm ¶¶5, 6). In addition to limited knowledge, Mr. Hamm states that in his opinion his deposition would be, "nonproductive, a waste of time, and seriously disruptive to me and Continental's operations." Id. at ¶8.

Defendants counter that under the liberal discovery procedures they are entitled to test the knowledge of Mr. Hamm. In addition Defendants assert that Plaintiff failed to meet its burden of making the strong showing necessary before denying entirely the right to take a deposition. *See* Blankenship v. Hearst Corp, 519 F.2d 418, 426 (9th Cir.1975) *citing* 4 J. Moore, Federal Practice ¶ 26.69 at pp. 26-494-26-495 (2d ed. 1974).

In deciding whether to permit the deposition of a corporate executive, a court must examine the possibility of harassment and the potential disruption of business. *See* Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 102 (S.D.N.Y.1997). However, high ranking corporate executives are not immune from discovery." *See* Kuwait Airways Corp. v. American Sec. Bank, N.A., 1987 WL 11994, at *4 (D.D.C. May 26, 1987) ("high ranking corporate executives are not automatically given special treatment which excuses them from being deposed."). Finally, "the fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." CBS, Inc. v. Ahern, 102 F.R.D. 820, 822 (S.D.N.Y.1984).

In spite of Mr. Hamm's important position on other boards and busy work schedule, he is not immune from being subjected to a deposition in a lawsuit initiated by his company. Indeed, Mr. Hamm admits that he has oversight of Plaintiff's extensive operations. (*See* Aff.. Harold Hamm ¶ 4). Presumably, that oversight could very well extend to litigation undertaken by Plaintiff directly relevant to Defendants' counterclaim of abuse of process in which it is required to establish an ulterior motive.

In summary, Plaintiff has failed to demonstrate any prejudice other than Mr. Hamm's opinion that his deposition would be a waste of his time and general inconvenience. Mr. Hamm states generally that his deposition would be extremely disruptive to his schedule and the operations of Continental but offers no specific examples of how such disruption would cause harm. The affidavit of Mr. Hamm does not meet the burden of showing specific harm or prejudice necessary to preclude his deposition in this matter. Defendants are entitled to test Mr. Hamm's knowledge of the case. Therefore, IT IS HEREBY ORDERED:

1. Defendants' Motion to Compel Complete Responses to Interrogatory No. 16 Regarding Similar Lawsuits is **DENIED** [ Doc # 33 ].

2. Plaintiff's Motion for a Protective Order is **DENIED** [Doc. # 44].

Dated this 2nd day of February, 2006.

RICHARD F. CEBULL
U.S. DISTRICT JUDGE

CERTIFICATE OF MAILING
DATE: 2/2/06
BY: _____
I hereby certify that a copy of
this Order was mailed to:
James Goetz, Paul Miller
Cliff Edwards, Philip McGrady, Triel Culver
Loren O'Toole